

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 3, 1947

Hon. Ben J. Dean
District Attorney
Stephens County
Breckenridge, Texas

Opinion No. V-398

Re: Fees of a County Judge
when an administrator of
an estate being probated
cashes United States Gov-
ernment Bonds.

Dear Sir:

Your request for an opinion from this office
on the above subject matter is in part as follows:

"In the light of the foregoing authori-
ties and opinions of the Attorney General,
please advise whether or not the County Judge
of Young County is entitled to collect one-
half of one per cent fees where the Adminis-
trator of an estate in that County has cashed
United States Government E Bonds and United
States Government G Bonds belonging to such
estate so administered in the probate court."

We quote the following pertinent statutory pro-
visions:

"Art. 3926.

"The county judge shall also receive the
following fees:

"1. A commission of one-half of one per
cent upon the actual cash receipts of each
executor, administrator or guardian, upon the
approval of the exhibits and the final settle-
ment of the account of such executor, adminis-
trator or guardian, but no more than one such
commission shall be charged on any amount re-
ceived by any such executor, administrator or
guardian. . . ."

"Art. 3689.

"Executors and administrators shall be

entitled to receive and may retain in their
hands five per cent on all sums they may
actually receive in cash, and the same per
cent on all sums they may pay out in cash
in the course of their administration."

"Art. 3690.

"A commission shall not be allowed or
received for receiving any cash which was
on hand at the time of the death of the
testator or intestate, nor a commission for
receiving money realized from the sale of
property to satisfy debts against the pro-
perty and the paying out of the proceeds in
satisfaction of the debt except as to the
amount realized from the sale in excess of
the debt, nor for paying out money to the
heirs or legatees as such. Provided, how-
ever, that if the administrator or executor
shows to the court that the value of the
service rendered the estate in making a sale
of property securing a debt exceeds the a-
mount of the commission calculated as above
provided, then the court shall allow a com-
mission for a just amount. The amount not
to exceed that now allowed by law."

In construing the above quoted statutory pro-
visions, it was held in Willis v. Harvey, 26 S. W. (2d)
288, writ refused, that there is no difference in the
meaning of the terms "actually received in cash" as used
in Article 3689 and "actual cash receipts" as used in
Article 3926. It was further held that the "receipts"
did not embrace cash on deposit in the bank at the death
of the testator.

It was held in Terrill v. Terrill, 189 S. W. (2d)
877, writ refused, that Postal Savings Stamps owned by
testatrix at the time of her death should be classified as
"cash on hand" within the meaning of Article 3690 instead
of "sums actually received in cash" within the meaning of
Article 3689. We quote the following from the Terrill case:

"It seems that the executor did not claim
a commission upon the $600 in his itemized re-
port to the legatees of the estate. The County
Court held, however, that he was entitled to re-
tain five per cent of said amount. In this

holding the Court erred.  This $600 was in the form of Savings Stamps, United States Post Office, which were purchased by decedent and held by her at the time of her death.  These stamps were an obligation of the United States Government, payable upon demand.  The executor did not sell these stamps but cashed them.  He merely exchanged one form of a government obligation for another.  We think this $600 in Savings Stamps is properly classified as cash on hand at the time of the death of the testatrix within the meaning of Article 3690, Vernon's Ann. Civ. Stats."

Following the reasoning in the Terrill case, it is our opinion that when the Administrator of an estate cashes United States Government Bonds, he merely exchanges one form of a government obligation for another.  Therefore, such sums should be classified as cash on hand at the time of the death of the testator, and the county judge is not entitled to any fees under Article 3926 on said sum.

Attorney General's Opinion No. 0-5704, which was written prior to the holding of Terrill v. Terrill is hereby overruled.

### SUMMARY

A County Judge is not entitled to fees or commissions under Article 3926 when the Administrator of an estate being probated cashes United States Government Bonds. Terrill v. Terrill, 189 S. W  (2d) 877, writ refused.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *John Reeves*
   John Reeves
   Assistant

JR:djm